CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

APR 06 2017

JULIA C. DUDLEY, CLERK
BY: /s/
    DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| MICHAEL JEROME HAIRSTON, | CASE NO. 7:17CV00063 |
| Petitioner, | |
| v. | MEMORANDUM OPINION |
| UNKNOWN, | By: Hon. Glen E. Conrad |
| | Chief United States District Judge |
| Respondent. | |

Michael Jerome Hairston, a Virginia inmate proceeding pro se, filed this civil action under 42 U.S.C. § 1983, followed by three amendments, contending that he was wrongfully convicted and seeking to have the conviction stricken. Upon review of the record, the court concludes that the complaint must be construed as a petition for a writ of habeas corpus under 28 U.S.C. § 2254 and summarily dismissed without prejudice for failure to exhaust state court remedies.[1]

Hairston and a codefendant were charged in Danville Circuit Court with grand larceny involving a vehicle. The codefendant pleaded guilty and testified at a bench trial that Hairston had told him to steal the vehicle (a different version of events than the codefendant had told police earlier). The judge found Hairston guilty of second degree grand larceny and, in June 2016, sentenced him to a term of eight years in prison. Hairston's appeal is still pending.[2]

A district court is not constrained by a litigant's style of pleading and may liberally construe a civil rights complaint as a habeas petition under § 2254. Hamlin v. Warren, 664 F.2d 29, 30 (4th Cir. 1981). To determine whether an action is properly considered a habeas corpus

---

[1] Rule 4 of the Rules Governing § 2254 cases authorizes this court to summarily dismiss a habeas corpus action if it is clear from the face of the pleading that petitioner is not entitled to relief.

[2] State court records online indicate that the Court of Appeals of Virginia refused Hairston's appeal in February 2017, and his subsequent appeal to the Supreme Court of Virginia is still pending.

petition requiring exhaustion of state court remedies pursuant to § 2254(b), rather than a civil rights complaint under § 1983, a court must consider whether the "core" of the litigant's claim concerns the fact and/or duration of the litigant's confinement. Preiser v. Rodriguez, 411 U.S. 475 (1973); Todd v. Baskerville, 712 F.2d 70 (4th Cir. 1983).

Hairston's claims allege that his trial was unfair because: the judge changed the charge without notice, so Hairston had no chance to prepare and present evidence to dispute it; the prosecutor did not inform defense counsel that the codefendant had accepted a plea bargain for a lesser sentence in exchange for testifying against Hairston; the codefendant lied under oath; Hairston is actually innocent of the charge; and his court-appointed criminal defense attorney has refused to file for a "writ of innocence." (Amend. Pet., at 5, ECF No. 6.) Because the complaint thus contests the fact and length of Hairston's confinement in the Virginia prison system, his claims are not cognizable under § 1983, and his sole remedy at this time is to bring a habeas petition under 28 U.S.C. § 2254. Preiser, supra. Therefore, the court concludes that Hairston's claims are appropriately construed as a petition for a writ of habeas corpus under § 2254.[3]

Provided that a newly construed § 2254 petition meets the threshold requirements for such habeas actions, the court can address petitioner's claims on the merits. Haines v. Kerner, 404 U.S. 519 (1972). Under 28 U.S.C. § 2254(b), however, a federal court cannot grant a habeas petition unless the petitioner has exhausted the remedies available in the courts of the state in which petitioner was convicted. O'Sullivan v. Boerckel, 526 U.S. 838, 842 (1999). If the petitioner clearly has available state court remedies remaining, the federal court must dismiss the

---

[3] In addition to having the conviction expunged, Hairston seeks reimbursement for "lost wages and legal fees and pain and suffering." (Pet. 2, ECF No. 1.) Because success on any claim for damages caused by his allegedly wrongful conviction would necessarily imply the invalidity of that conviction, Hairston is barred from pursuing any such claim, absent proof that the conviction has been otherwise invalidated or set aside. See Heck v. Humphrey, 512 U.S. 477, 486-87 (1994). Because Hairston's conviction still stands, the court will dismiss his current claims for monetary damages without prejudice.

§ 2254 petition without prejudice to allow him to avail himself of those remedies. Slayton v. Smith, 404 U.S. 53 (1971).

It is clear from Hairston's submissions that his direct appeal proceedings are now in progress in the Virginia courts. Thus, he has not yet exhausted his available direct appeal remedies. Moreover, nothing in the record indicates that he has presented his current claims about the alleged unfairness of his trial and the alleged failings of his attorney to the Supreme Court of Virginia as required for exhaustion of state court remedies under § 2254(b). If his appeal is unsuccessful, Hairston may then pursue state court habeas corpus proceedings on these claims, if warranted. Specifically, he may file a habeas corpus petition in the circuit court where he was convicted, with a subsequent appeal to the Supreme Court of Virginia, or he may file a state habeas corpus petition directly in the Supreme Court of Virginia. See Va. Code Ann. §§ 8.01-654(A)(1), 17.1-406(B). Because Hairston clearly has not exhausted available state court remedies at this time, this court may not grant relief and must summarily dismiss the petition without prejudice to allow him to pursue his claims first in state court. Slayton, supra. An appropriate order will enter this day.

The Clerk is directed to send copies of this memorandum opinion and accompanying order to plaintiff.

ENTER: This 6th day of April, 2017.

_____
Chief United States District Judge